UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

L.C. BROWN,

        Plaintiff,                              Case No.  2:11-cv-4

v.                                               HON. GORDON J. QUIST

SHANE THOMPSON,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND GRANTING SUMMARY JUDGMENT

On February 16, 2012, the Magistrate Judge issued a Report and Recommendation ("R & R") (docket no. 12) recommending that Defendant Shane Thompson's Motion for Summary Judgment (docket no. 10) be granted.  Plaintiff filed Objections to the R & R.  (Docket no. 14.) "The district judge must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  After conducting a *de novo* review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.  Therefore, Defendant's Motion for Summary Judgment will be granted.

The R & R recommended granting summary judgment in favor of Defendant based on two grounds.  First, the R & R said that Plaintiff did not properly exhaust his administrative remedies before filing his complaint.  Second, the R & R found that Plaintiff's complaint, despite alleging three Counts, only amounted to a sole claim for denial of access to the courts, which Plaintiff did not support with facts.

### I. Failure to Properly Exhaust Administrative Remedies

All four of Plaintiff's objections address only the R & R's first finding.[1] In large part, Plaintiff argues that he *did* properly exhaust his administrative remedies, but that Defendant fraudulently doctored Plaintiff's grievance documents and purposely waited almost 300 days before filing Plaintiff's Step III grievance.[2] All four objections will be overruled.

<u>Objection that the R & R misstated the facts</u>

Plaintiff objects that the R & R "is flawed and is one sided as to the evidence regarding the facts of the case." This Court disagrees. The R & R recounts the facts as they are alleged in Plaintiff's complaint and demonstrated by Defendant's exhibits. Therefore, Plaintiff's objection is overruled.

<u>Objection that the R & R should be disregarded since the Plaintiff did not respond to Defendant's motion</u>

Plaintiff argues that the R & R should be disregarded because Plaintiff did not have an opportunity to respond to Defendant's motion with an argument and supporting evidence. Plaintiff had over seven months to respond to Defendant's motion for summary judgment. With that said, in this Circuit, *pro se* prisoners <u>are</u> afforded "special assistance" in that they are entitled to notice of the consequences of a summary judgment motion and the requirements of the summary judgment rule. *United States v. Ninety Three Firearms*, 330 F.3d 414, 427-28 (6th Cir. 2003) (emphasis added).

---

[1] Plaintiff lists four objections, but many of the allegations in the objections overlap. With a liberal eye, the Court will consider each separate substantive objection.

[2] In making this argument, Plaintiff contends that he sufficiently alleged a retaliation claim. However, as discussed *infra*, the retaliation claim that Plaintiff seeks to establish in his objections is different than the retaliation claim asserted in the complaint. Thus, Plaintiff has <u>not</u> objected to the R & R's finding that Plaintiff's <u>complaint</u> only amounts to a single claim for denial of access to courts.

In *Ninety Three Firearms*, despite the district court's grant of summary judgment without affording the *pro se* prisoner plaintiff "special assistance," the Sixth Circuit affirmed the district court because it said that "any error here is harmless." *Id.* at 428. On appeal, the plaintiff alleged that he had "meritorious arguments" to respond to the government's motion for summary judgment, but the plaintiff failed to offer "even a hint of what these arguments would have been." *Id.* Therefore, the Sixth Circuit said, "any affidavits or responsive papers that [the plaintiff] would have filed would not have raised genuine issues of material fact and would not have altered the decision to grant summary judgment." *Id.*

Likewise, any error here was harmless because Plaintiff makes no argument that he could have refuted Defendant's motion for summary judgment as to the substance of the claim. Specifically, in asserting a claim for denial of access to courts,[3] "the underlying cause of action whether anticipated or lost, is an element that must be described in the complaint." *Lewis v. Casey*, 518 U.S. 343, 353, 116 S. Ct. 2174, 2181 (1996). Moreover, it is not enough for a plaintiff to merely state that he had a nonfrivolous claim; the plaintiff must actually show that the underlying claim is nonfrivolous. Here, Plaintiff has failed to allege a nonfrivolous underlying claim in his complaint and at no stage of this lawsuit has Plaintiff hinted at what would have been his underlying claim in his appeal to the Michigan Supreme Court. Therefore, like *Ninety Three Firearms*, this Court finds that, even if the Magistrate Judge erred by failing to give special assistance to Plaintiff regarding a response to Defendant's motion for summary judgment, any such error would be harmless.

<u>Objection that Plaintiff properly exhausted administrative remedies</u>

In all four of Plaintiff's objections, in some form or other, Plaintiff objects to the R & R by arguing that he did, in fact, properly exhaust his administrative remedies. Plaintiff argues that it

---

[3] To reiterate, Plaintiff did not object to the R & R's finding that, substantively, Plaintiff's complaint amounted to a sole claim for denial of access to the courts.

*appeared* he did not properly exhaust his administrative remedies because a) Defendant altered the dates on Plaintiff's Step III legal mail request, and then b) Defendant allegedly delayed mailing it to MDOC's Lansing office for another 300 days.  Because of this fraud, Plaintiff argues, the MDOC rejected his Step III grievance response as untimely.  Plaintiff further argues that Defendant's actions constituted unconstitutional retaliation.  Had it not been for Defendant's delay tactics, Plaintiff contends, his Step III appeal would have been properly exhausted.

First, this Court notes that this alleged "retaliation" is not a claim in Plaintiff's complaint.  Count II of Plaintiff's complaint is labeled retaliation, but this claim is solely based on Defendant's alleged failure to mail Plaintiff's appeal to the Michigan Supreme Court.  Furthermore, as the R & R found, to which no party objected, Count II substantively amounts to the equivalent of Plaintiff's denial of access to courts claim.

Since this is a new retaliation argument raised for the first time in Plaintiff's objections, the Magistrate Judge never had the opportunity to consider it.  Absent "compelling reasons," parties cannot raise a new argument to the district court when objecting to an R & R.  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).  Plaintiff seems to allege that his compelling reason for failing to present this argument is that he was transferred to multiple prisons.  Since Plaintiff had seven months to make this argument after Defendant presented it in his motion for summary judgment or to move to amend his complaint, the Court does not find this to be a compelling reason.  In addition, Plaintiff has not demonstrated that he has exhausted his administrative remedies for this particular retaliation claim.  Therefore, insofar as Plaintiff attempts to raise an entirely new retaliation claim, Plaintiff's objection is dismissed.

Insofar as Plaintiff makes this argument in response to Defendant's motion for summary judgment, this Court will consider the argument since Plaintiff never responded to Defendant's motion.  Plaintiff's argument is an attempt to refute Defendant's contention that Plaintiff failed to

4

administratively exhaust his remedies. Plaintiff's argument is rejected because, even if Plaintiff had administratively exhausted his access to courts claim, Plaintiff does not allege, much less support with evidence to withstand summary judgment, that he was prevented from presenting a nonfrivolous underlying claim. *See Lewis*, 518 U.S. at 353, 116 S. Ct. at 2181.

<u>Objection that the R & R identified and applied an incorrect standard of review</u>

In parts of Objection 3 and parts of Objection 4, Plaintiff seems to object that the R & R misinterpreted precedent and applied an incorrect standard of review on Defendant's motion for summary judgment. This objection is overruled because the R & R identified the correct law and applied the correct standard to recommend a ruling on Defendant's motion for summary judgment. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 16, 2012 (docket no. 12) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's objections (docket no. 14) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (docket no. 9) is **GRANTED**.

This case is concluded.

Dated: March 21, 2012           /s/ Gordon J. Quist
                          GORDON J. QUIST
                          UNITED STATES DISTRICT JUDGE